Allan J. STAHL et al., Appellants,

v.

CITY OF HOUSTON et al., Appellees.

No. 14656.

Court of Civil Appeals of Texas.

Houston.

Dec. 16, 1965.

Rehearing Denied Jan. 6, 1966.

Hugo A. Touchy, Houston, for appellant.

John Wildenthal, Jr., City Atty., and Homer T. Bouldin, Trial Supervisor, City Legal Dept., Houston, for appellee.

COLEMAN, Justice.

This is an injunction suit involving the proper interpretation to be given various statutory provisions concerning examinations for promotion in the Fire Department of the City of Houston, Texas. Petitioners also sought a declaratory judgment.

The Civil Service Commission of the City of Houston announced an examination to be held for the classification and position of Assistant Fire Chief, Grade IX. In the original announcement the examination was opened to Deputy Chiefs who had been so classified for two continuous years immediately prior to the date of the examination. It developed that only one of the deputy chiefs having the required time in the grade desired to take the examination. The Commission then amended its announcement to include "all Deputy Chiefs in the Fire Department whether they meet the two year ingrade requirement or not."

Appellants are two District Chiefs occupying Grade VII positions in the salary classification, who brought this suit individually as representatives of a class, to enjoin the holding of the examination unless all district chiefs, who had served as such for two years prior to the date set for the examination, were permitted to participate in the examination. There was testimony that there were approximately forty district chiefs who would be eligible to take the examination. The trial court

denied the injunction and this appeal resulted.

The trial court found that there were eight *Deputy* Chiefs, who had served more than two years as *District* Chiefs, and who had received their promotions to Class VIII from Class VII as a result of competitive examinations. He found that four of the Deputy Chiefs desired to take the examination, but the evidence is uncontradicted that three of these men had not served two years as Deputy Chiefs.

The trial court concluded as a matter of law that the Commission acted in its discretion in limiting the examination to Deputy Chiefs; that the District Chiefs do not as a matter of law have the right to take such examination; and that the pleadings of the plaintiffs and the evidence are insufficient to make the suit a class action.

The provisions of the Firemen's and Policemen's Civil Service Act, Article 1269m, Vernon's Ann.Civ.St., which control the disposition of this suit, read as follows:

"Sec. 8. * * * No classification now in existence, or that may be hereafter created in such cities, shall ever be filled except by examination *held in accordance with the provisions of this law.* * * *[1]

"Sec. 9. The Commission shall make provisions for *open, competitive* and free examinations for persons making proper application and *meeting the requirements as herein prescribed.* All eligibility lists for original positions in the Fire and Police Departments shall be created only as a result of such examinations, and no appointments shall ever be made *for any position* in such Departments except as a result of such examinations, which shall be based on the applicant's knowledge of and qualifications for fire fighting and work in the Fire Department, or for police work and work in the Police Department, as shown by *competitive* examinations in the presence of all applicants for such position, and *shall provide for thorough inquiry in-*

to the applicant's general education and mental ability. * * *

"Sec. 10. When a vacancy occurs in the Fire Department * * *, the Fire Chief or head of the Fire Department * * * shall request in writing from the Commission the names of suitable persons from the eligibility list, and the Director shall certify to the Chief executive of said City, *the names of three (3) persons having the highest grades on the eligibility list,* and the said chief executive shall thereupon make an appointment from said three (3) names. * * *

"Sec. 14. The Commission shall make rules and regulations governing promotions and shall hold promotional examinations to provide eligibility lists for each classification in the Police and Fire Departments, which examinations shall be held substantially under the following requirements:

"A. All promotional examinations shall be open to all policemen and firemen who have held a *continuous position for two (2) years* or more in the classification immediately below in salary of that classification for which the examination is to be held; *except* where there is not a sufficient number of members in the *next lower position with two (2) years service in that position* to provide an adequate number of persons to take the examination, the Commission *may extend* the examination to the members in the *second lower position* in salary to that for which the examination is to be held.

" * * *

"D. * * * No person shall be eligible for promotion unless he has served in such department for at least two (2) years immediately preceding the day of such promotional examination in the next lower position or other positions specified by the Commission, * * *

" * * *

"F. The Commission shall proceed to hold examinations to create eligibility lists

---

1. Emphasis added throughout the quotation.

within ninety (90) days after a vacancy in any classification occurs, or new positions are created, unless an eligibility list is in existence."

It is undisputed that there was no existing eligibility list from which an appointment could be made to the vacant position in Grade IX. As required by this Act, the Commission ordered an examination to establish an eligibility list, and, finding that there were not men having the required two years in the next lower salary grade, Grade VIII, desiring to take the examination to make it competitive or to furnish the three men required for an eligibility list, in the exercise of what they considered to be their discretionary authority, the Commission opened the examination to those men in Grade VIII having less than two years tenure, rather than to the men having two years tenure in Grade VII as authorized by the Civil Service Act.

Looking to the entire Act, it seems clear that a competitive examination, in which more than three persons participate, is required to establish an eligibility list. The examinations must be held in accordance with this Act. The examination is to be given persons making application and meeting the requirements of this Act. The examination shall not only test the applicant's knowledge of fire fighting and the work of the Fire Department, but also his general education and mental ability. The importance of this latter provision is heightened by the language of the Act and by the fact that to the grade made on the examination is added points based on seniority and efficiency in grade.

The Act provides that where an insufficient number of men meeting the ingrade requirement apply to take the promotional examination to make it competitive, the Commission may open the examination to the second lower grade. A consideration of other provisions of the Act lead us to the conclusion that the provision is mandatory in nature. There is no provision authorizing deviation from the ingrade requirement except that providing for opening the examination to the second lower grade. If the examination were opened only to those in the first lower grade, where there is an insufficient number of applicants meeting the ingrade requirement, there would still be an insufficient number of qualified men to form an eligibility list because of the provision that no person can be eligible for promotion unless he has two years service in the next lower position "or other positions specified by the Commission." It would be unreasonable to construe this latter provision to mean that the Commission could specify service in any position as meeting this requirement; rather it should be construed as meaning service in the other grade, members of which were permitted to take the examination. The qualification for appointment to a higher grade could be no less stringent than the qualifications required of a candidate for the promotional examination. This interpretation would permit all members of Grade VIII and Grade VII who had two years service in either grade or the two grades combined.

It is evident that the Legislature considered service in the next lower position an important consideration in determining eligibility for promotion. It also considered the length of service necessary before it could be given particular significance. Obviously, the fact that a person in Grade VIII had been promoted to that grade by examination was not considered significant or else no particular length of service in grade would have been required. The Legislature has determined that a person in one grade should have no preference over one in the next lower grade, insofar as eligibility for promotional examinations is concerned, until he has served in that grade for two years. While it may be argued that it is essentially unfair to permit one in Grade VII to be promoted to Grade IX over one who has advanced to Grade VIII by competitive examination, the purpose of the law has been declared by the Act to be to secure to the cities subject to

its provisions efficient fire departments composed of capable personnel, free from political influence and with permanent tenure. We are unable to see how the efficiency of the department can be impaired if appointment procedures are followed in connection with our construction of this Act. Wider participation in promotional examinations would be likely to promote the avowed purpose of securing capable personnel, free from political influence, particularly in view of the weight given to tenure and proficiency in determining the eligibility list grades.

Appellee specially excepted to appellants' petition for the reason that it did not contain the necessary allegations of fact required for a class action. The record does not reflect that this exception was brought to the attention of the trial court. The judgment entered by the trial court, however, neither sustained the exception, abated the suit, nor dismissed the suit, but rather recited that the court, after considering the pleadings, and hearing the evidence and argument of counsel, was of the opinion that the plaintiffs were entitled to no relief and, therefore, rendered judgment that plaintiffs take nothing.

A pleading denying the legal capacity of the plaintiff to sue, or to recover in the capacity in which he sues, must be verified by affidavit. Rule 93, Texas Rules of Civil Procedure. The defendants filed no such pleading in this case.

The trial court found that the pleading did not allege, nor the evidence establish, the facts necessary to a class action. The judgment entered was on the merits and not the dilatory plea.

Appellants also brought the suit in their individual capacity and defendants filed no pleading challenging their right. There are no cross-points or counter-points in appellees' brief challenging their right to sue in their individual capacities.

It is the opinion of this Court, therefore, that, under the existing circumstances, the order of the Commission extending the examination to those members of Grade VIII having less than two years ingrade, without also extending it to all members of Grade VII having two years ingrade, was invalid and the trial court erred in refusing to enjoin the holding of this examination unless it was extended to the eligible members of Grade VII.

Since the order calling this examination was invalid because the Commission exceeded its authority, the Court assumes that the Commission, in obedience to its statutory duty, will speedily order another examination extended to such members of the Fire Department as are currently qualified under the Act as construed herein. We, therefore, reverse the judgment of the trial court and remand the cause for the entry of a judgment consistent with this opinion.

Reversed and remanded with instructions.