**CITY OF HOUSTON et al., Appellants,**

**v.**

**William W. LANDRUM, Appellee.**

**No. 301.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Dec. 3, 1969.

Rehearing Denied Jan. 7, 1970.

William A. Olson, City Atty., F. William Colburn, Sr., Asst. City Atty., Houston, for appellants.

Hugo A. Touchy, Houston, for appellee.

SAM D. JOHNSON, Justice.

Suit for temporary and permanent injunction involving Art. 1269m, Vernon's Ann.Civ.St., the Firemen's and Policemen's Civil Service Act.

Pursuant to the cited article, the Firemen's and Policemen's Civil Service Commission of the City of Houston announced a promotional examination to be given for the position of chauffeur in the Houston Fire Department. Appellee, William W. Landrum, a Pipeman and Ladderman in the Houston Fire Department, made application to take such examination. Landrum's application was refused for the reason that he had not been classified as a Pipeman and Ladderman for two years immediately preceding to such examination.

Appellee Landrum then brought this action for a temporary and permanent injunction to compel the Firemen's and Policemen's Civil Service Commission of the City of Houston to allow him to take such examination. The essential facts were stipulated and trial was to the court without the intervention of a jury. The trial court held Landrum eligible to take the examination and issued the injunction prayed for. The instant appeal is perfected from the trial court's judgment.

Landrum had an extensive, though somewhat inconsistent, record of employment with the Fire Department of the City of Houston. He was initially employed August 16, 1949. His employment continued until April 4, 1954 when he resigned. He was reemployed by the Fire Department on November 25, 1954 and served until September, 1963. During the month of September, 1963, Landrum was placed on disability retirement and his employment was terminated for the second time. On December 19, 1963, Landrum was reinstated and

again began serving with the Fire Department. This service continued until March 19, 1968 when Landrum was once again placed on disability retirement and his employment terminated for the third time. On October 25, 1968 appellee was again reinstated and has served as an employee of the Fire Department at all pertinent times since such date.

The announcement for the promotional examination to the position of chauffeur was made on May 23, 1969 for an examination to be given on June 18, 1969. The announcement recited "All Pipemen and Laddermen who have been so classified for two years immediately prior to the date of the examination are eligible." Landrum had held the position of Pipeman and Ladderman, during the period of time he was with the Fire Department, since 1950. The language of the examination announcement closely tracks that of the statute. Article 1269m, Sec. 14(A), provided, "All promotional examinations shall be open to all policemen and firemen who have held a continuous position for two (2) years or more in the classification immediately below in salary of that classification for which the examination is to be held; * * *." The position of Pipeman and Ladderman is immediately below that of Chauffeur. Art. 1269m, Sec. 14(D) provides, "No person shall be eligible for promotion unless he has served in such Department for at least two (2) years immediately preceding the day of such promotional examination in the next lower position or other positions specified by the Commission, * * *."

Landrum's last separation from the Fire Department, March 19, 1968 to October 25, 1968, covered a period in excess of seven months. Upon his retirement from that period of disability retirement, Landrum was employed less than eight months prior to the promotional examination. The Firemen's and Policemen's Civil Service Commission therefore refused Landrum's application to take the promotional examination for the reason that Landrum had not served in the required capacity for at least

two years *immediately preceding* to the date of the examination.

The trial court specifically found that Landrum had not served in the next lower position for at least two years immediately preceding the promotional examination. Nevertheless, the trial court held Landrum eligible to take the examination and determined that subsection D of Section 14, Art. 1269m, was merely directory.

The two points of error are closely related. They assert that the trial court erred in holding Landrum was entitled to take the promotional examination and that the trial court erred in holding subsection D of Section 14, Art. 1269m, V.A.C.S., was merely directory. We are of the opinion that appellants' points of error must be sustained.

█ The legislative purpose in adopting the Firemen's and Policemen's Civil Service Act is stated in Section 16a, Art. 1269m, V.A.C.S., "It is hereby declared that the purpose of the Firemen and Policemen's Civil Service Law is to secure to the cities affected thereby efficient Police and Fire Departments, composed of capable personnel * * *." Section 14 of the Act is entitled "Promotions; filling vacancies." It was quite obviously designed to govern promotions and the eligibility therefor. We are of the opinion that a reading of Section 14 indicates an intent and purpose to promote only those with at least two years continuous service immediately preceding a promotional examination.

Only one exception to the two-year requirement is contained in the section and it is applicable only to persons recalled to active military duty. The inclusion of one, and only one, specific exception strongly suggests that the legislature intended no other exceptions.

█ Further, the words "held a continuous position for two (2) years" connotes holding a position for such period without interruption. Had the legislature intended that the provision for two years continuous

service should mean "unless interrupted by being placed on disability retirement," the statute could have easily so provided.

In addition, the statute contains words disqualifying those who have not served in the Department for at least two years "immediately preceding" an examination. These words are normally understood to mean service for two years "just preceding," "instantly prior," or "directly before." These words of disqualification contain no suggestion that they were intended to be inapplicable to those who for any reason did not have the full, continuous service just prior to the examination.

There is an additional compelling reason why appellants' first point of error must be sustained. Section 7B of Art. 6243e, V.A. C.S., contained the then effective statutory provision under which Landrum was placed on disability retirement. It provided for retirement upon the request of the fireman or, where deemed proper and for the good of the department, without request, in cases of mental or physical disability. The record does not reveal whether Landrum's disability retirement was initiated by him or by the Department. Neither does it indicate whether the retirement was for mental or physical disability. Restoration of a fireman who had been placed on disability retirement was provided for in the section if and when a disabled fireman's disability should cease. The statutory provision relative to restoration was contained in Art. 6243e, Sec. 7B(b). It provided, " * * * if and when such disability shall cease, such disability allowance shall be discontinued and such person shall be restored to active service at not less than the same salary he received at the time of his retirement for disability." The provision for restoration made no mention of reinstating any other benefits or privileges. Interestingly, the provision made no mention of restoration at the same rank or position, it merely provided for restoration at not less than the same *salary*.

It is to be particularly noted that no time limit for disability retirement is contained within the provision. A fireman could therefore be on disability retirement for seven months, as here, or for seven years, or even more, and then be restored to active duty. The technology of fire fighting and the implements used therein, will undoubtedly continue to change drastically in the coming months and years. The legislative purpose of securing "to the cities affected thereby efficient Police and Fire Departments, composed of capable personnel" would be in jeopardy if the requirement for active, continuous service immediately preceding examination is eliminated, reduced or made uncertain. The two year period of training and exposure to the current practices and methods of fire prevention immediately prior to possible promotion following examination, cannot be said to be an unreasonable regulation.

Landrum was last retired over seven months, certainly not an inconsequential period of time. His last period of continuous employment prior to the examination was less than eight months. Yet, absent the statutory provision, would any period of separation from the Fire Department be sufficient to determine that an employee had not held a "continuous position" for two years, and what period of subsequent service would suffice for the required two consecutive years? The language of the statute is plain and the intent of the legislature is apparent. A statute should not be shorn of its effectiveness if its purpose can be achieved by a reasonable interpretation. Southwestern Savings & Loan Ass'n of Houston v. Falkner, 160 Tex. 417, 331 S.W.2d 917 (1960).

We are further of the opinion that the trial court erred in holding that subsection D of Section 14, Art. 1269m, V.A.C.S., is merely directory. Legislative emphasis is placed on the two-year requirement in that it is referred to on two separate occasions as heretofore quoted. Within Subsection D the two-year provision is referred to, not as a "direction," but as a "requirement."

Appellee Landrum's brief cites only one case, City of Waco v. Akard, Tex.Civ. App., 252 S.W.2d 496, err. ref. n. r. e., as authority for the contention that the provision is merely directory. The Court's observation there is " * * * we think the last part of the section is merely directory." The Court's statement, however, is not a part of the judicial determination there made. On p. 500 (the page preceding the foregoing quote) the Court states, "Notwithstanding the views heretofore expressed dispose of this cause, we think we should make the following statement:" The Court then proceeds with observations which are purely dicta by virtue of the Court's own phraseology and language.

Appellants' points of error are sustained and for the reasons stated herein the judgment of the trial court must be reversed and rendered.