Leon HANLON, Appellant,

v.

Edd NELSON et al., Appellees.

No. 4505.

Court of Civil Appeals of Texas, Eastland.

Dec. 3, 1971.

Rehearing Denied Dec. 31, 1971.

Fred O. Senter, Jr., City Atty. (James P. Brewster), Key, Carr, Evans & Fouts (Donald M. Hunt), Lubbock, for appellant.

Phil Brummett, Lubbock, for appellees.

WALTER, Justice.

This is a declaratory judgment suit. The statement of the case as related by appellant Hanlon is adopted by the appellee and is as follows:

"This is a suit for declaratory judgment, seeking construction of [Vernon's] Tex. Rev.Civ.Stat.Ann. art. 1269m, § 22a (1963). Edd Nelson as plaintiff and J. L. Compton as intervenor sued the City of Lubbock, its Police Chief, its City Manager, its Civil Service Commission, and defendant Hanlon for a declaration of rights in connection with the reinstatement of Hanlon to the position of sergeant on the City of Lubbock police force after a leave of absence of 18.years while on active military duty. Hanlon, as did the City of Lubbock and the other defendants, answered that he was entitled to reinstatement without regard to the length of time on military duty.

Trial was before the district court without the assistance of a jury; at the conclusion of the trial, the district court announced that a declaration denying reinstatement to Hanlon should be entered. Accordingly, judgment was entered in favor of Compton declaring that Hanlon was not entitled to be reinstated to the job classification of sergeant with the police force of the City of Lubbock pursuant to Tex. Rev.Civ.Stat.Ann. art. 1269m, § 22a (1963). Following due request, the district court entered its findings of fact and conclusions of law. From this judgment and the findings, due appeal has been perfected."

Hanlon is joined by the City of Lubbock, its City Manager, its Chief of Police and its Civil Service Commission as appellants. The pertinent parts of Article 1269m, Sec. 22a are as follows:

"The Civil Service Commission on written application of a member of the fire or police department shall grant military leave of absence without pay to such member to enable him to enter military service of the United States in any of its branches, such leave of absence to continue during the period of active military service of such member. The Civil Service Commission shall grant such leave retroactively back to the commencement of the Korean War. Any such member receiving military leave of absence hereunder shall be entitled to be returned to the position in the department held by him at the time the leave of absence is granted, upon the termination of his active military service, provided he receives an Honorable Discharge and remains physically and mentally fit to discharge the duties of that position; and further provided he makes application for reinstatement within ninety (90) days after his discharge."

The court made the following findings of fact and conclusions of law:

"(7) On the 22nd day of October, 1948, Defendant, Leon Hanlon was employed by the Lubbock Police Department in the job classification of Patrolman. Defendant Hanlon remained at this job classification of Patrolman until the 1st day of May, 1951, at which time he was duly and legally promoted to the job classification of Sergeant in the Lubbock Police Department. Defendant Hanlon remained actively employed by the City of Lubbock Police Department as a Sergeant until the 21st day of April, 1952, at which time he applied to the Civil Service Commission for a military leave of absence. Said leave of absence was granted by the Commission on the 7th day of May, 1952.

Prior to his employment with the Police Force of the City of Lubbock, Defendant Hanlon had been a member of the United States Army Air Corps from June 15, 1942, until October 8, 1945, at which time he was honorably discharged at the rank of Second Lieutenant. Following such dis-

charge, Defendant Hanlon became a member of the United States Air Force Reserve, in which he remained until recalled to active duty in April of 1952. After being actively employed by the Lubbock Police Department from the 22nd day of October, 1948, until the 7th day of May, 1952, Defendant Hanlon was recalled into the Air Force on or about the 21st day of April, 1952. Defendant Hanlon voluntarily accepted promotions in rank until he had attained the rank of Lieutenant Colonel. Defendant Hanlon voluntarily attended special training schools during the period of his military service. Defendant Hanlon was aware of the fact that by accepting promotions at regular intervals he would be obligated to serve an additional number of years with the military. Defendant Hanlon knew that by not accepting promotions he would be entitled to release from the Air Force. Defendant Hanlon knew that by attending special training schools he was obligating himself to additional period of time to serve in the Air Force. Defendant Hanlon could have applied for discharge to sever himself from the military service, but he at no time made any such application for discharge. Defendant Hanlon made no application for discharge because he would have lost the military benefits which he had accumulated up to that time. Defendant Hanlon remained in the United States Air Force until the 30th day of June, 1970 at which time he was relieved from active duty pursuant to a request from the Secretary of the Air Force. Defendant Hanlon had intended to remain on active duty as long as he was able to do so and had it not been for the Secretary relieving Hanlon of his duties, Defendant Hanlon would have remained in the Air Force and in fact, intended to remain until June of 1972. Defendant Hanlon's plans to go back to work for the Lubbock Police Department were entirely contingent upon his not being able to remain on active military service. Leon Hanlon had a basic interest in the military life and was content to remain on active duty as long as he could. Defendant Hanlon was honorably discharged from the United States Air Force and at present is receiving full retirement benefits for the rank of Lieutenant Colonel. Defendant Hanlon voluntarily chose to make a career out of the military service and in fact did make a career out of the military service.

(8) That Defendant Hanlon remained in the military service pursuant to a military leave of absence from the Lubbock Police Department for a period of eighteen (18) years-three (3) months before returning to the Lubbock Police Department and requesting reinstatement.

(9) That after spending approximately eighteen (18) years and three (3) months in the military service after leaving the Lubbock Police Department Defendant Hanlon on the 17th day of September, 1970, requested reinstatement to the Lubbock Police Department. He was reinstated with the job classification of Sergeant in the Lubbock Police Department on the 17th day of September, 1970.

## CONCLUSIONS OF LAW

(1) This Court concludes that Defendant Hanlon's claim of protection under the facts of this case asserts too much and goes too far. To render a decision in favor of this Defendant would be to recognize and to vest in one in his posture the power, step by step, as extensions of duty opportunities present themselves, in effect to make a career of the service and at the same time to force his civilian employer to hold or to make a place available for him throughout the career period and until such time as he chooses to bring his military life to an end, or until it is finally terminated for him because of age, physical disability, or the like. This, the Court feels, was not the intent of the Legislature.

(2) The Court concludes that the municipalities and Police Departments thereunder, as well as the serviceman, has rights and among those rights is the right to expect an employee who has entered military service, if he intends to invoke the reem-

ployment benefits statutorily provided under Article 1269m, Section 22a, to separate himself from the service as soon as he can do so honorably and legally.

(3) The Court concludes that to vest in this Defendant under the facts in this case the power of continuous voluntary extension of active duty and in effect make a career of the service and at the same time force the employer, in this case the Lubbock Police Department, to hold or make a place available for him throughout his career of time, and in this particular instance, eighteen (18) years and three (3) months, and hold it until such time as he chooses to bring his military career to an end, or until his military service is finally terminated because of his age or retirement, which he did in fact in this case receive, was not the intent of the Legislature under this article.

(4) This Court further concludes that a veteran may waive any statutory reemployment rights to which he may be entitled through voluntary extensions of military service activity. That Defendant Hanlon waived any reemployment rights he may have been entitled to under Article 1269m, Section 22a by voluntarily and knowingly assuming and obligating himself to additional time commitments in the United States Military Service by voluntarily and knowingly accepting promotions in rank and enrollment in special military schools.

(5) This Court further concludes and finds that under all of the facts and circumstances presented in this case that the Defendant has waived any rights to any benefits or protection to which he may have been entitled to under Article 1269m, Section 22a, Vernon's Annotated Civil Statutes; and he is not therefore entitled to return to the Lubbock Police Department in the same position held by him at the time of his leave of absence."

In Flowers and Carrell v. Dempsey-Tegeler & Co., Inc., 472 S.W.2d 112, our Supreme Court said:

"The dominant consideration in construing a statute is the intention of the Legislature. We must ascertain the purpose for which the statute was enacted. Calvert v. British-American Oil Producing Co., 397 S.W.2d 839 (Tex.Sup.1965); City of Mason v. West Texas Utilities Co., 150 Tex. 18, 237 S.W.2d 273 (1951); 53 Tex.Jur.2d p. 180 Statutes § 125."

On the question of avoidance of judicial legislation, we find the following in Tex. Jur.2d, page 176, § 124:

"When statutes are up for construction, it is not within the judicial province to indulge in acts of legislation. Courts may direct the attention of the law makers to a defect or omission in a statute, but they must take the statutes as they find them. It is for the legislature, not the courts, to remedy defects or supply deficiencies in laws, and to give relief from unjust and unwise legislation.

The proper function of a court in this connection is to declare and enforce the law as made by the legislature; that is, to determine with as much definiteness and certainty as may be what the law is as it stands, rather than to announce what the law should be or to speculate as to why it is as it is. Accordingly, a court is not authorized, under any pretext, to modify, repeal, or rewrite a statute, nor even to construe an unambiguous act to conform to its own notions of justice, policy, propriety, or wisdom. Likewise, a court is not privileged to interpolate words, to add or eliminate provisions, or to enlarge, extend, or restrict the scope of a law, except as this may be necessary to effectuate the legislative intent; nor is it ordinarily permissible to supply omissions in a statute."

We find the legislative intent is expressed in this statute in plain and unambiguous language and is susceptible to but one construction. As we construe the statute under the facts in this case, Hanlon is entitled to be reinstated to the position of sergeant with the police department of the City of Lubbock.

The judgment is reversed and rendered in favor of the appellant Hanlon.