**The CITY OF SAN ANTONIO et al.,**
**Appellants,**

**v.**

**Eddie W. PINCHBACK et al., Appellees.**

**No. 15131.**

Court of Civil Appeals of Texas,
San Antonio.

Dec. 29, 1972.

Howard C. Walker, City Atty., Crawford B. Reeder, James M. Parker, Asst. City Attys., San Antonio, for appellants.

Terence A. Willis, San Antonio, for appellees.

BARROW, Chief Justice.

Appellants, City of San Antonio and the City of San Antonio Firemen's and Policemen's Civil Service Commission, have appealed from a mandatory injunction compelling the Civil Service Commission to allow appellees, Eddie W. Pinchback and Howard Earl Barry, Jr., to take the promotional examination for Detective-Investigator on May 16, 1972, and to be considered for promotion under Article 1269m, Section 14,[1] Tex.Rev.Civ.Stat.Ann. Barry

---

1. Article 1269m, Section 14, provides in part:
   "A. All promotional examinations shall be open to all policemen and firemen who have held a continuous position for two (2) years or more in the classification im-

mediately below in salary of that classification for which the examination is to be held; except where there is not a sufficient number of members in the next lower position with two (2) years service in that position to provide an adequate

did not take the examination and, therefore, is not concerned with this appeal.

The case was tried before the court upon a stipulation of facts. Pinchback was commissioned as a peace officer by the San Antonio Police Department on October 22, 1965, and served therein until he joined the Air Force on May 11, 1966. He returned to the San Antonio Police Department on May 18, 1970. He was qualified to take the promotional examination under Article 1269m, Section 14, supra, in all respects except that he did not have two years of continuous service before the day of the promotional examination and was not "recalled to active service." Nevertheless, the trial court concluded that, " . . . the public interest as well as the legislative intent would not be offended, but on the contrary well protected, by allowing him to take the promotional examination. Considering the above, the difference between 'called' and 'recalled' in this case is without distinction." Injunctive relief was therefore granted.

It is seen that Pinchback lacked two days serving two continuous years as a patrolman as required by Section 14, Subdivisions A and D, of Article 1269m. He urges, however, that the statutory requirement for eligibility is arbitrary, unreasonable and inequitable as applied to the facts in this case, in that he is fully qualified to perform the duties and lacked only .003% of fulfilling the continuous service requirement. The fallacy in this argument is best illustrated by the facts of this case in that Barry was "only thirty days short." Someone would always be "just short" of the required period no matter what period was set. The basic question is whether the Legislature intended for this period of time to be a requirement; and if so, is such requirement arbitrary and unreasonable.

The question was considered and answered adversely to Pinchback in City of Houston v. Landrum, 448 S.W.2d 816, 818 (Tex.Civ.App.—Houston [14th] 1970, writ ref'd n. r. e.). The trial court there granted Landrum a mandatory injunction compelling the city to permit him to take a promotional examination, although he had not served for at least two years immediately preceding the date of the examination due to physical disability. It was held that the trial court erred in holding that such requirement was directory. The Court said: "We are of the opinion that a reading of Section 14 indicates an intent and purpose to promote only those with at least two years continuous service immediately preceding a promotional examination." After recognizing that Section 14, Subdivision D, contains words disqualifying those who have not served for at least two years immediately preceding an examination, the Court said: "These words of disqualification contain no suggestion that they were intended to be inapplicable to those who for any reason did not have the full, continuous service just prior to the examination."

■ We conclude, as did the Court in *Landrum*, that the requirement for two years continuous service immediately preceding examination is not an unreasonable regulation. The legislative intent to require two years continuous service is expressed in plain and unambiguous language and is susceptible to but one construction. Therefore, it must be given effect as written. Gateley v. Humphrey, 151 Tex. 588 254 S.W.2d 98 (1952); Hanlon v. Nelson,

number of persons to take the examination . . . . "

＊　　　＊　　　＊　　　＊　　　＊

"D. . . . No person shall be eligible for promotion unless he has served in such Department for at least two (2) years immediately preceding the day of such promotional examination in the next lower position or other positions speci-

fied by the Commission . . . Provided, however, that the requirement of two (2) years service in the Department immediately preceding the day of promotional examination shall not be applicable to those persons recalled on active military duty for a period not to exceed twenty-four (24) months."

474 S.W.2d 526 (Tex.Civ.App.—Eastland 1971, writ ref'd n. r. e.). The trial court erred in concluding that the statutory requirement should not be applied in the case of Pinchback.

The only exception made by the Legislature to the requirement of two years continuous service is for persons "recalled on active military duty for a period not to exceed twenty-four (24) months." This exception was added by the Legislature in 1963. Although it was stipulated that Pinchback was not "recalled on active duty," but rather "joined the Air Force," the trial court concluded that such words were without distinction, and Pinchback urges that this conclusion was within the equitable power of the court.

Furthermore, Pinchback does not come within the statutory exception, in that he was not "recalled" on active duty. There is a definite distinction between a person being recalled on active duty and one who is on active duty as a result of joining the service. The first situation involves the general principle of an involuntary call to duty; whereas, the latter is basically a voluntary act, irrespective of the reasons for such voluntary act. The recall of reservists to active duty has been commonplace since just prior to World War II; and therefore, the distinction between "being recalled to active duty" and that of "joining the service" is well known.

Such distinction was obviously recognized by the Legislature. It is seen that in Section 22a of this Act, the Legislature provided that a military leave of absence should be granted by the Civil Service Commission to enable a member of the fire or police department "to enter military service." Provision is made in Article 6252–4a, Section 1, Tex.Rev.Civ.Stat.Ann., regarding an employee who leaves his position for the purpose of "entering the Armed Forces." Accordingly, we must conclude that the Legislature deliberately chose to limit promotion credit to those persons who were "recalled" on active duty.

The judgment of the trial court is reversed and here rendered that Pinchback is not eligible for promotion based on the examination of May 16, 1972.