

# The Attorney General of Texas

February 23, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

4001 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable William R. Moore
Tom Green County Attorney
112 West Beauregard Street
San Angelo, Texas    76903

Opinion No. JM-128

Re:   Construction of article 1269m, V.T.C.S.

Dear Mr. Moore:

You have requested this office's advice regarding the interpretation and application of subsections 14(A)(2) and 14(D)(5) of article 1269m, V.T.C.S., the Firemen's and Policemen's Civil Service Act. These subsections provide in part:

> Sec. 14.   The Commission shall make rules and regulations governing promotions and shall hold promotional examinations to provide eligibility lists for each classification in the Police and Fire Departments, which examinations shall be held substantially under the following requirements:
>
> A . . . .
>
> (2)   All promotional examinations shall be open to all firemen who have ever held a continuous position for two (2) years or more in the classification immediately below, in salary, that classification for which the examination is being held.   In fire departments that have adopted a classification plan that classifies positions on the basis of similarity in duties and responsibilities, all promotional examinations shall be open to a fireman who has ever held a continuous position for two (2) years or more at the next lower paygrade, if it exists, in the classification for which the promotional examination is being offered . . . .
>
> . . . .
>
> D . . . .

> (5)  No fireman shall be eligible for promotion
> unless he has served in such Department for at
> least two (2) years at any time prior to the day
> of such promotional examination in the next lower
> position or other positions specified by the
> Commission . . . .

Your inquiry concerns a fireman who has completed two or more years continuous service in a particular classification with one fire department and then is employed by a second fire department.  You wish to know whether his service for the first fire department qualifies him for examination and promotion in the second department.

You state that, formerly, classifications set by local civil service commissions may have varied from one city to another.  Now, however, classifications adopted by local civil service commissions have become uniform throughout the state, largely because the Commission on Fire Protection Standards and Education has established uniform minimum standards for firemen.  V.T.C.S. art. 4413(35), §2(2).  See Attorney General Opinion MW-320 (1981).  Because service classifications have become standardized, firemen moving from one fire department to another have argued that their service with the first employer qualifies them to take the examination with the second.  Section 14(A)(2) of article 1269m does not expressly require that a fireman's two years' continuous service in a particular classification be with the department giving the promotion exam.  The firemen in question have therefore interpreted this provision as allowing them to use service elsewhere to qualify for the promotion exam given by their new employer.  If they have correctly interpreted section 14(A)(2), it may be inconsistent with section 14(D)(5) which restricts promotion to firemen who have served in "such Department" for at least two years prior to the promotional exam.

In our opinion, section 14(A)(2) opens promotion exams only to firemen who have held the requisite employment in the examining department for two or more years, while section 14(D)(5), with one express exception, permits the promotion only of this class of firemen.  These two provisions must be read in the context of article 1269m in its entirety.

Article 1269m establishes in all cities having a population of ten thousand or more inhabitants, and "having a paid Fire Department and Police Department," a Firemen's and Policemen's Civil Service, section 1.  The provisions of article 1269m do not apply to a city unless it adopts them, and it may choose to apply the provisions only to a Fire Department or only to a Police Department, section 27.  The statute gives each city some freedom to design its own civil service plan.  The city's Civil Service Commission is to "provide for the classification of all firemen and policemen," section 8.

Article 1269m does not require these classifications to be uniform from city to city. Some provisions suggest that the statute contemplates no statewide model for classifications. For example, section 14(A)(2) provides in part:

> In fire departments that have adopted a classification plan that classifies positions on the basis of similarity in duties and responsibilities, all promotional examinations shall be open to a fireman who has ever held a continuous position for two (2) years or more at the next lower paygrade if it exists, in the classification for which the promotional examination is being offered.

Thus, classification plans in some but not all cities may be based on similarity of duties and responsibilities. Classification plans may vary as to the number of paygrades provided. When the legislature enacted article 1269m in 1947, Acts 1947, 50th Leg., ch. 325 at 550, and when it amended section 14(A) in 1949 to require service in the appropriate classification, Acts 1949, 51st Leg., ch. 572 at 1114, 1116, it apparently did not intend or expect classification plans to be standard from one city to the next. At that time, a fireman's two years' service under one classification plan could not be expected to fulfill the requirements of a different plan. Although article 4413(35), V.T.C.S., has perhaps encouraged the cities to adopt uniform classification plans, this statute was enacted in 1969, Acts 1969, 61st Leg., ch. 668 at 1972, and does not change the meaning of provisions enacted twenty years earlier.

We therefore find no basis to interpret article 1269m, section 14(A)(2) to permit firemen to use service with a prior employer to qualify for examination by a new employer.

Moreover, any ambiguity in section 14(A)(2) should be resolved to harmonize it with section 14(D)(5) which reads in part:

> No fireman shall be eligible for promotion unless he has served in such Department for at least two (2) years at any time prior to the day of such promotional examination . . . .

Section 2 defines "fireman" as

> any member of the Fire Department appointed to such position in substantial compliance with the provisions of sections 9, 10 and 11 of this Act . . . . (Emphasis added).

Applying this definition to section 14(D)(5), it can be read as follows:

> No [member of the Fire Department] shall be eligible for promotion unless he has served in such Department for at least two (2) years . . . .

Thus, a fireman must serve in a department for two years before becoming eligible for promotion. This interpretation is supported by the following language of section 14(D)(5):

> [T]he requirement of two (2) years' service in <u>the Fire Department</u> at any time prior to the day of promotional examination shall not be applicable to those persons recalled on active military duty for a period not to exceed twenty-four (24) months . . . . Such persons shall be entitled to have time spent on active military duty considered as duty <u>in the Department concerned.</u> (Emphasis added).

This exception from the two years' service requirement clearly delineates the general rule: the qualifying service must be completed in the department wherein the fireman seeks promotion. See <u>City of Houston v. Landrum</u>, 448 S.W.2d 816, 818 (Tex. Civ. App. - Houston [14th Dist.] 1969, writ ref'd n.r.e.). Finally, in section 9, the legislature specifically recognized service elsewhere as relevant to employment by a police department:

> No person shall be certified as eligible for a beginning position with a Police Department who has reached his thirty-sixth birthday unless the applicant has at least five (5) years prior experience as a peace officer.

In the absence of such an express reference in section 14(A)(2) to prior service elsewhere, section 14(A)(2) should be read in harmony with section 14(D)(5) as barring from the examination fireman who have not had two years service with the department giving the examination.

You also inquire whether the provisions of section 14 requiring two years' service are mandatory. You point out that the court in <u>City of Waco v. Akard</u>, 252 S.W.2d 496 (Tex. Civ. App. - Waco 1952, writ ref'd n.r.e.) said in dicta that this provision was directory and did not prevent the commission from permitting a policeman eight days short of the two years' continuous service to take the exam and receive a promotion. <u>See also</u> Attorney General Opinion V-855 (1949) (statutes prescribing time in which public offices shall perform specific duties are directory). However, more recent cases have

disagreed with this statement in <u>City of Waco v. Akard, supra</u>.  <u>See</u> <u>City of San Antonio v. Pinchback</u>, 489 S.W.2d 451 (Tex. Civ. App. - San Antonio 1972, no writ); <u>City of Houston v. Landrum, supra</u>, at 819; <u>Stahl v. City of Houston</u>, 397 S.W.2d 318, 320 (Tex. Civ. App. - Houston [1st Dist.] 1965, writ ref'd n.r.e.).  The direct authority, as well as the weight of authority, holds that section 14 is mandatory.

## S U M M A R Y

A fireman who has not completed two years' continuous service with the fire department employing him is not eligible for promotion in the department or to take a promotion examination pursuant to section 14 of article 1269m.  The two year prior service provision of section 14 is mandatory.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood