

# THE ATTORNEY GENERAL
# OF TEXAS

December 9, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Dale Hanna
Johnson County Attorney
1st Floor, Courthouse
Cleburne, Texas    76031

Opinion No.   JM-582

Re:  Eligibility of a firefighter
to take a promotional examination
under article 1269m, V.T.C.S.

Dear Mr. Hanna:

You have requested the opinion of this office regarding the interpretation and application of section 14(A)(3) of article 1269m, V.T.C.S., which is the Firemen's and Policemen's Civil Service Act. Specifically, you ask whether only firemen in the highest salary step in the classification immediately below a classification with a vacant position are eligible to take the promotion examination that is required for filling the vacancy, or whether all firemen with at least two years of continuous service in the next lower classification qualify to take the promotional test.

The voters of the city of Cleburne, which has a population of approximately 20,000, adopted the provisions of the Firemen's and Policemen's Civil Service Act in 1948. There are five ranks or classifications within the Cleburne Fire Department, namely, "firefighter," which is the entry level classification, followed by "firefighter engineer," "lieutenant," "captain," and "assistant chief." There is one pay grade or salary range for each of those classifications, and an automatic salary increase based on longevity is granted within the classification. For the rank of firefighter, longevity steps and salary increases occur after 6 months, 12 months, 24 months, and 36 months. Article 1269m provides that all persons in each classification shall be paid the same salary and authorizes longevity pay in addition to the same basic salary. See V.T.C.S. art. 1269m, §8A(d). Some of the firemen in the Cleburne Fire Department contend that only firemen in the firefighter classification who have attained the highest longevity step are eligible to take promotion examinations for positions in the firefighter engineer classification. It is our opinion that all firemen with at least two years continuous service in the classification of firefighter qualify to take a promotion examination for positions in the next higher classification of firefighter engineer.

The original enactment in 1947 of the civil service act for firemen and policemen provided that

> [n]o person shall be eligible for promotion unless he has served in such Department for at least two (2) years immediately preceding the date of such promotional examination, in the next lower position to that for which such examination is to be held. . . .

Acts 1947, 50th Leg., ch. 325, §14 at 555. As amended in 1949, section 14(A) provided, in part:

> A. All promotional examinations shall be open to all policemen and firemen who have held a position for two (2) years or more in the classification immediately below in salary of that classification for which the examination is to be held. . . .

Acts 1949, 51st Leg., ch. 572, §14(A), at 1116. Subsequently in 1979, the legislature separated the phrase "in salary" from the rest of the sentence with commas so that section 14(A)(3) of article 1269m, V.T.C.S., now reads:

> In any city having a population of less than 1,500,000, according to the most recent federal census, all promotional examinations shall be open to all firefighters who have ever held a continuous position for two (2) years or more in the classification immediately below, in salary, that classification for which the examination is being held. . . .

Acts 1985, 69th Leg., ch. 910, §14(A), at 3048; Acts 1979, 66th Leg., ch. 753, §14(A)(2), at 1861.

We conclude that the phrase "in the classification immediately below, in salary, that classification for which the examination is being held" means the classification that, as determined by the salary range for each classification, is immediately below the classification for which the examination is being held. It is our opinion that the legislature intends the words "immediately below, in salary" to be a description of the classification, rather than a description of individual firemen within the classification. Interpreting the language in section 14(A)(3) to include any person holding a position within the classification for at least two years, regardless of whether the person's longevity pay is the highest within the

classification, is reasonable when that language is read in the context of the entire civil service act.

With an exception not applicable to your inquiry, section 14(D)(5) of article 1269m provides that a firefighter is not eligible for promotion unless he has served in the department for at least two years prior to the day of the promotional examination "in the next lower position or the positions specified by the Commission." As previously stated, the act expressly authorizes longevity pay in addition to the same salary paid all persons in each classification. Nowhere does the act provide that promotions or promotion examinations are limited to persons in the highest longevity step within the next lower position or classification. On the other hand, section 14(B) of article 1269m expressly provides that

> [e]ach fire fighter shall be given one (1) point for each year of seniority in his Department, but never to exceed ten (10) points. . . .

Section 14(D)(3) of article 1269m states that

> [t]he grade which shall be placed on the eligibility list for each fire fighter applicant shall be computed by adding the fire fighter applicant's points for seniority to his grade on the written examination. . . .

We are not aware of any case in which a Texas court considered whether article 1269m limits promotions to persons in the next lowest classification who are receiving the highest longevity pay. Texas courts, however, have stated that firemen's civil service examinations are open to all persons employed for two (2) years in the next lower grade except that a civil service commission may extend examinations to members in both the first and second lower grades to provide an adequate number to take an examination, and those courts made no mention of a requirement that a fireman be in the highest salary step within either classification. See Stahl v. City of Houston, 397 S.W.2d 318 (Tex. Civ. App. - Houston 1965, writ ref'd n.r.e.); Loos v. City of Houston, 375 S.W.2d 952, 957 (Tex. Civ. App. - Houston 1964, writ ref'd n.r.e.) (commission may extend the examination to "members in the second lower position in salary, which is Grade 6, Arson Investigator"). Cf. City of Houston v. Landrum, 448 S.W.2d 816 (Tex. Civ. App. - Houston [14th Dist.] 1969, writ ref'd n.r.e.) (position of Pipeman and Ladderman is immediately below that of Chauffer but applicant who had not been classified as Pipeman and Ladderman for two years was refused examination).

The provisions of article 1269m relating to promotion examinations have been described since 1976 in 22 Texas Practice, Municipal

Law & Practice, where section 243 states that, "to be eligible for examination the employee must have been two years in the next lower classification" without suggesting additional requirements or limitations.

It is our opinion that if the legislature had intended only firemen in the highest salary step within a classification to qualify to take a promotion examination, it would have expressly so provided in the statute.

You ask additional questions which we do not answer, because they are not relevant to our conclusion on the eligibility of firemen to take promotion examinations for positions in higher classifications.

## S U M M A R Y

Under the Firemen's and Policemen's Civil Service Act, article 1269m, V.T.C.S., all firemen with at least two years continuous service in the classification immediately below a classification for which a promotion examination is held are eligible to take the promotion examination.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General