## CITY OF WACO et al. v. AKARD et al.
### No. 3063.

Court of Civil Appeals of Texas. Waco.
Oct. 23, 1952.

Rehearing Denied Nov. 13, 1952.

Lyndon Olson, City Atty., Wiley W. Stem, Jr., W. H. White, Ass't. City Attys., D. M. Wilson, former City Atty., Waco, for appellant.

O'Dowd & O'Dowd, Waco, for appellees.

TIREY, Justice.

This cause involves the construction and application of a portion of Art. 1269m, Vernon's Ann.Tex.Civ.Stats., which is the Firemen's and Policemen's Civil Service Act. A statement is necessary.

After the City of Waco (a home rule city) adopted the Civil Service Ordinance putting into effect the Civil Service Commission, the City, by proper ordinance, established a classification system for all officers and places of employment in the Fire and Police Departments. Pertinent to this discussion the employees of the Police Department were placed in Grades 1, 2, 3 and 4. Grade 1 provides for 71 positions (which includes foot and motor patrolmen, traffic squad and police matron) and provides that each employee be paid $210

per month. Grade 2 provides for five sergeants and eight detectives and fixes the pay for each at $233.62 per month. Grade 3 provides for one lieutenant of police, one lieutenant of traffic, superintendent of the identification bureau and the chief radio mechanic and fixes the pay for each at $250 per month. Grade 4 provides for two captains and fixes the pay for each at $270 per month.

On December 8, 1950, the Commission examined papers given on the examinations for various positions in the Police Department on November 21, 1950, and declared the following eligibility list: In the sergeants' Grade No. 2 we find first, Cornell (2) Eakin, (3) Schober, (4) Farley, (5) Coan, (6) Lucas, and (7) Akard. The other names on the list are not pertinent. Thereafter Cornell and Farley were promoted to Grade 2. Appellees, on the 8th of December, 1951, filed with the Civil Service Commission a notice and application, the effect of which was to complain of the action of the Civil Service Commission in permitting the promotion of policemen Farley and Cornell and asked that the promotions and appointments be set aside; that Farley and Cornell be demoted to their original positions and that a competitive examination be held in accordance with the Civil Service Law for the purpose of establishing an eligibility list.

The Commission thereafter had a meeting on December 21, 1951, and entered the following findings, the pertinent parts of which are:

"The Firemen's and Policemen's Civil Service Commission after reading and studying the petition filed by Guy Akard et al. on December 8, 1951, makes the following findings and conclusions upon said petition.

"1.

"That all of the actions taken by the Director of the Firemen's and Policemen's Civil Service Commission on the matters mentioned in said petition have been diligently, legally and lawfully performed by Mr. Hubert Dunnam under the direction and with the knowledge of the Firemen's and Policemen's

Civil Service Commission. All of the actions taken by the said Director on the matters mentioned in said petition are hereby affirmed and ratified by the Firemen's and Policemen's Civil Service Commission.

"2.

"The Firemen's and Policemen's Civil Service Commission further finds that the actions taken by the Chief of Police on the matters mentioned in said petition have been diligently, legally and lawfully performed by the Chief of Police in compliance with the Firemen's and Policemen's Civil Service law and according to the rules and regulations of the Firemen's and Policemen's Civil Service Commission. All of the actions taken by the Chief of Police on the matters mentioned in said petition are hereby affirmed and ratified by the Firemen's and Policemen's Civil Service Commission.

"3.

"That the Firemen's and Policemen's Civil Service Commission after duly considering the allegations contained in the above mentioned petition is of the opinion and so finds that said petition is a request for an interpretation of Article 1269m of the Revised Civil Statutes of the State of Texas and of the rules and regulations of the Firemen's and Policemen's Civil Service Commission of the City of Waco, Texas, and since all of the acts of the Director of the Firemen's and Policemen's Civil Service Commission and the acts of the Chief of Police complained of were done in accordance with the interpretation of said laws and rules by said Firemen's and Policemen's Civil Service Commission, the Firemen's and Policemen's Civil Service Commission of the City of Waco does not see any necessity for a new and further interpretation of said law and rules at this time."

Thereafter, appellees, on December 28, 1951, filed their original petition on which they went to trial. It covers 28 pages in the transcript. Pertinent to this discussion the effect of appellees' petition was to complain of the action of the Civil Service Commission to permit the promotion of Farley and Cornell and they asked that the promotions be set aside, that Farley and Cornell be demoted to their original positions of policemen, and that the court issue a mandatory injunction requiring the Civil Service Commission, the Director of Civil Service, and the Chief of Police to remove Farley and Cornell from the sergeants' and detectives' positions and reassign them to Grade 1 and compel the Civil Service Commission to give another promotional examination as required by law.

Appellants seasonably presented pleas in abatement and motion for instructed verdict, each of which was overruled, and the court submitted the cause to the jury. The jury in its verdict found substantially: (a) that the transfer of a sergeant to a detective was a promotion; (b) that plaintiffs, by their failure to act on such transfers, were not guilty of laches; (c) that the Civil Service Commission, in reaching its decision on December 21, 1951, acted arbitrarily, unreasonably and capriciously. The decree of the court set aside the findings of the Civil Service Commission and substituted its findings for the findings of the Commission, and on the verdict of the jury and the court's findings entered its decree and granted a mandatory injunction authorizing plaintiffs to require the Civil Service Commission and the city officials of the City of Waco to put into effect the court's findings. The decree covers eight pages in the transcript. Appellants seasonably perfected their appeal to this court.

Since we are of the view that appellees' petition failed to state a cause of action and the further view that the trial court was without any authority to hear appellees' appeal from the findings of the Civil Service Commission and was without authority to substitute its findings for the findings of the Commission, a statement in detail of the findings and the decree of the court would be of no avail.

■ Appellants' first point is: "Art. 1269m, Texas Revised Civil Statutes, precludes the appeal pursued by appellees." We sustain this contention.

Section 14, subd. E of said Article provides in part: *"All eligibility lists shall remain in existence for one (1) year unless exhausted, and at the expiration of one (1) year they shall be destroyed and new examinations be given."* It is clear that the above eligibility list here under attack expired at midnight, December 7, 1951, by operation of law. Since such list expired at midnight, December 7, 1951, under the express terms of the statute, such list became a nullity. Needless to say that appellees' application filed with the Commission on December 8, 1951, asking for a public hearing before said Commission to set aside such eligibility list that had expired by operation of law, came too late. Perforce of the statute, the Civil Service Commission was without any authority to make any correction of said eligibility list if it had been illegally created, because its life had been extinguished by operation of the statute. In order to create another eligibility list, the Civil Service Commission must start over again and give new examinations. Since the eligibility list expired by operation of law and the Civil Service Commission was without authority to make any changes therein, the district court likewise was without authority or jurisdiction to hear any complaint about an eligibility list that had expired by operation of law.

Section 16a of Art. 1269m, supra, is applicable and controlling here. It provides:

"It is hereby declared that the purpose of the Firemen and Policemen's Civil Service Law is to secure to the cities affected thereby efficient Police and Fire Departments, composed of capable personnel, free from political influence, and with permanent tenure of employment as public servants. The members of the Civil Service Boards are hereby directed to administer the civil service law in accordance with this purpose; *and when sitting as a board of appeals for a suspended or aggrieved employee, they are to conduct such hearing fairly and impartially under the provisions of this law, and are to render a fair and just decision, considering only the evidence presented before them in such hearing."*

Neither of the appellees has been suspended or aggrieved Each of them was an employee of the Police Department in the grade in which they had been employed. It is true that appellee Akard's name was seventh on the eligibility list that was prepared on December 8, 1950, but only four men had been promoted from Grade 1 to Grade 2, and Nos. 5 and 6 were in line for promotion ahead of Akard, so appellees were before the Civil Service Commission asserting a complaint that had not accrued during the life of the eligibility list and under which Farley and Cornell had been appointed. No complaint had been filed with the Commission concerning such eligibility list during the time it was in force, and the City of Waco, acting upon the findings of the Civil Service Commission, had made the promotions of Cornell and Farley from Grade 1 to Grade 2. Under the express terms of the statute, appellees stood before the Civil Service Commission without any eligibility whatsoever to be considered for promotion from Grade 1 to Grade 2, and the Civil Service Commission was powerless to make another eligibility list without giving new examinations and proceeding according to law, and besides there was no vacancy in Grade 2. So appellees were before the Civil Service Commission and the trial court without a justiciable interest in the subject matter. Our courts have steadfastly adhered to the legal principle that in order for one to seek relief in a court of justice, he must have a justiciable interest in the subject matter. The promotions that had been made by the city officials of the City of Waco had become effective under an eligibility list that had been in force for the period of one year governing such promotions, and the city officials of the City of Waco alone had authority to suspend or dismiss these men from their new positions. Needless to say that the statute provides that in the event a policeman is suspended or dismissed from his position, he has a right to be heard under the terms of the statute, but no such controversy is before us here.

Appellees were in Grade 1 and before they would be eligible now for promotion to Grade 2 they must have a new examination and must have their names placed on the eligibility list as provided by the statute. Moreover, there were no vacancies in Grade 2. So, under the present state of the record, appellees were before the Commission and the court without a legal complaint. Courts do not sit to decide mere abstract questions of law. See opinion of this court in Davis v. First National Bank of Waco, Tex.Civ.App., 145 S.W.2d 707, at page 711, affirmed by 139 Tex. 36, 161 S. W.2d 467, 144 A.L.R. 1. See also cases collated in Vol. 23, Words & Phrases, Justiciable Interests.

We think we should say that our Supreme Court has recently rendered two very important decisions construing this pertinent statute. See City of Amarillo v. Hancock, Tex.Sup., 239 S.W.2d 788, and Glass v. Smith, Tex.Sup., 244 S.W.2d 645. These cases reflect the most recent views of the Supreme Court and they should be studied and followed in causes arising under this statute.

■ We think we should also say that no principle of law is better settled by our Supreme Court than that in cases where a trial court has appellate jurisdiction from the orders of the Civil Service Commission or an administrative agency, the trial court has no authority to substitute his findings for the findings of the Commission, and that such court necessarily would have no authority to put such findings into effect by means of a mandatory injunction. See Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424; City of San Angelo v. Boehme Bakery, 144 Tex. 281, 190 S.W.2d 67; Texas Consolidated Theatres v. Pittillo, 204 S.W.2d 396 (by this court); Montgomery v. City of Dallas, 245 S.W.2d 753 (by this court, er. ref.); Fire Dept. of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664.

■ Notwithstanding the views heretofore expressed dispose of this cause, we think we should make the following state-

ment: The finding of the jury as well as the finding of the court that the transfer of a sergeant to a detective was a promotion is without any support in the evidence and violates and contradicts the undisputed evidence on this matter. The City of Waco, by ordinance, established a classification system, and Grade 2 placed sergeants and detectives in the same class and fixed their pay on the same basis. Neither the jury nor the court had authority to change the city ordinance in this behalf. That power is peculiarly lodged with the Board of Commissioners of the City of Waco and it cannot be taken away from this body by judicial order and any attempt to do so is void. Our Supreme Court in Glass v. Smith, 244 S.W.2d 645, in an opinion handed down on October 28, 1951, expressly held that the legislature itself had declared the classifications should be provided by ordinance of the City Council and that the City Council in the aldermanic form of government and the City Commission in the commission form of government have always been the primary repository of legislative powers in this state. Since the City of Waco by ordinance pursuant to authority of the legislature fixed the grades of its employees, neither the jury nor the trial court had authority to change these grades and classifications. Since a sergeant and detective are in the same grade under the terms of the ordinance, it would indeed severely handicap the Police Department if the Chief of Police, charged with the duty of supervising and handling his force, could not assign the sergeant to a detective's duty or a detective to a sergeant's duty, if he thought the best interests of the safety and welfare of the city demanded it. Neither the statute nor the ordinance makes such restrictions upon the authority of the Chief of Police and we find no authority for the trial court to limit the authority of the Chief of Police by a court order in this behalf, and the trial court's attempt to do so is void.

■ We think J. D. Farley had complied with Section 14 of Article 1269m, supra. The record is without dispute that Farley complied with the first provision of

the section, and that he was classified in Grade 1 of the department for a period in excess of ten years; that he resigned from the department and was gone for approximately six months and then took another entrance examination and rejoined the department; that Farley, in this last period of duty, served for a period of almost two years, lacking only eight days of service, immediately preceding the date of the promotional examination that he took for sergeant. Without going into a discussion, such action of the Commission was not in conflict with the first provision of Section 14 of the Article applicable, and we think the last part of the section is merely directory. Our courts have been very liberal in the construction of all those statutes dealing with labor, where a time element has been involved, and have never interposed a harsh construction or restriction thereon. The whole purpose of the Act is to enable our cities to have a more efficient personnel and in view of the fact that Farley had had some ten years previous, uninterrupted service as a policeman in Grade 1, it would indeed have been a harsh rule to preclude him from taking an examination for promotion because of his factual situation. See Federal Underwriters Exchange v. Bullard, Tex.Civ.App., 128 S.W.2d 126, 133, 134; Texas Employers Ins. Ass'n v. Clack, 134 Tex. 151, 132 S.W.2d 399, 401. Since it was the Civil Service Commission's duty to act under the law governing the matters here, it is our view that its decision on December 21, 1951 was not arbitrary; neither was it unreasonable or capricious, and its action was authorized by law.

Since the trial court did not have jurisdiction to hear the appeal, it necessarily follows that the court was without authority to substitute its findings for the findings of the Commission and grant the mandatory injunction or any other relief. Since the trial court was without jurisdiction to hear the appellees' complaint, the decree entered by the court becomes a nullity and must be set aside and the injunction granted must be vacated and dissolved. See City of Amarillo v. Hancock, supra.

Accordingly, the judgment of the trial court is reversed, the injunction granted vacated and dissolved, and the cause dismissed.

LESTER, C. J., took no part in the consideration and disposition of this case.