Stephen PEREZ, Appellant,

v.

CITY OF LAREDO, Texas; Agustin Dovalina, Police Chief; Raul P. Garcia, Jr., Joaquin Romero and Edward Sherwood, Individually and as members of the Firefighters and Police Officers Civil Service Commission of the City of Laredo, Texas; and Ivan Perez, Intervenor, Appellees.

No. 04–99–00464–CV.

Court of Appeals of Texas, San Antonio.

Jan. 12, 2000.

---

Sharon Trigo, Laredo, for appellant.

Rogelio G. Rios, Jr., Julio A. Garcia, Law Offices of Julio A. Garcia, Jaime L. Flores, City Atty., Jerry Bruce Cain, Asst. City Atty., Laredo, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

Appellant, Stephen Perez, filed suit in the district court of Webb County, Texas, appealing a decision by the City of Laredo Firefighters' and Police Officers' Civil Service Commission (the Commission) to remove his name from the eligibility list for promotion to captain in the Laredo Police Department. Without reaching the merits of the appeal, the trial court granted a motion to dismiss for lack of jurisdiction. In four of his issues on appeal, Stephen Perez contends the trial court erred by dismissing his suit.[1] The issue before us is whether the jurisdiction of the district court was properly invoked absent a prior appeal to the Commission. Because we hold the district court had jurisdiction to review the Commission's decision, we reverse and remand to the trial court for determination on the merits.

### Background

On January 13, 1999, the City of Laredo Firefighters' and Police Officers' Civil Service Commission (the Commission), administered a promotional examination to candidates for a position as captain in the Laredo Police Force. Immediately following the examination, the test was graded and a list of raw scores was posted. Both Stephen Perez (Stephen) and Ivan Perez (Ivan)[2] took and passed the examination, Stephen ranking first with a raw score of 84 and Ivan second with a raw score of 77.[3] Stephen believed his score of 84 was inaccurate and timely filed an appeal with the Commission. After review, the Commission raised Stephen's score to 85.

On January 19, 1999, Ivan filed an appeal to the Commission, challenging Stephen's eligibility to take the examination

---

1. Issues three and six go to the merits of the appeal. These matters were not determined in the trial court and we do not reach them here.

2. Stephen and Ivan are not related.

3. Although other applicants took the exam, Stephen and Ivan were apparently the only ones who passed.

and qualify for promotion under the Fire Fighters' and Police Officers' Civil Service Act, Tex. Local Gov.Code Ann. §§ 143.028, 143.0031 (Vernon 1999).[4] Ivan alleged that Stephen had not "continuously held the position in the classification immediately below of captain for two years and/or has not served two years in the next lower position of captain immediately before the date the promotional examination for captain was given." No notice of the appeal was provided to Stephen.

On February 12, 1999, the Commission held a hearing on Ivan's appeal. Stephen and his counsel requested the opportunity to be heard at the hearing and were refused. Stephen did not file any written intervention or cross appeal to the Commission on the issue of his eligibility. The Commission found Stephen had not completed the requisite two years of service immediately prior to the examination and was therefore ineligible to take the promotional examination. A formal order announcing the decision of the Commission was signed on February 12, 1999. On February 25, 1999, the Commission issued a revised eligibility list with Stephen's name deleted, leaving only Ivan as a candidate for the captain's position.

On February 19, 1999, Stephen filed an appeal of the Commission's decision with the District Court in Webb County, Texas. Ivan was allowed to intervene and subsequently filed a motion to dismiss, contending the trial court had no jurisdiction to hear the appeal. As grounds for dismissal, Ivan claimed (1) Stephen did not appeal the results posted in the list of January 13, 1999, (2) Stephen did not intervene or otherwise join the appeal filed by Ivan with the Commission, (3) Stephen did not comply with the requirements for an appeal to the Commission under § 143.010 or to the district court under § 143.015, and (4) Ste-

phen had no standing to challenge the Commission's decision because he did not meet the eligibility requirements of § 143.028(b) and section 4 of the police officer's collective bargaining agreement. The trial court granted the motion to dismiss and this appeal ensued.

### Discussion

 Tex. Local Gov. Code Ann. § 143.015(a) states "[i]f a fire fighter or police officer is dissatisfied with any commission decision, the fire fighter or police officer may file a petition in district court asking that the decision be set aside." The district court has jurisdiction to hear an appeal from a commission decision regarding promotion eligibility. *City of Lubbock v. Knox,* 736 S.W.2d 888, 890–91 (Tex. App.-Amarillo 1987, writ denied). In his first issue on appeal, Stephen contends he was not required to intervene in Ivan's appeal or to file an appeal with the Commission prior to filing in the district court. We agree.

Stephen had no reason to contest the eligibility list of January 13, 1999. He had no quarrel with his standing as the first eligible candidate on the list. Even after Ivan filed his complaint, Stephen had no grievance until the Commission issued its decision to remove his name from the eligibility list. We see no reason for Stephen to have intervened in the appeal filed by Ivan. *See City of Waco v. Akard,* 252 S.W.2d 496, 499 (Tex.Civ.App.-Waco 1952, writ ref'd n.r.e.) (officer who is neither suspended nor aggrieved has no justiciable complaint to present to the commission).[5]

 The parties have not cited, and we have not found, any provision in the Civil Service Act which allows or requires an appeal to the Commission regarding promotion eligibility based on the two year

---

4. Ivan also alleged Stephen did not meet the requirements for promotion in the police officers' collective bargaining agreement. Those provisions are essentially the same as the statutory requirements.

5. In *Akard,* the complainants did not file for any review of the eligibility list until it expired by operation of law. Accordingly, they had no justiciable interest. *Id.* at 499. That holding is not applicable here.

service requirement. *See* Tex. Local Gov. Code Ann. § 143.028, § 143.031 (no mention of appeal to the commission).[6] Where the statute does not provide for appeal to the Commission, there is no administrative remedy to exhaust prior to appeal to the district court. *Cf. City of Austin v. Phipps*, 337 S.W.2d 427, 429–30 (Tex.Civ. App.-Austin 1960), *aff'd*, 162 Tex. 112, 344 S.W.2d 673 (1961) (civil service act requires no administrative appeal for claim regarding injury leave of absence). Section 143.010, cited by Ivan, is not a requirement for appeal to the Commission; rather, it is merely the procedure for appeal in those instances where appeal is allowed. *See City of Austin v. Phipps*, 337 S.W.2d at 429–30. We hold Stephen was not required to appeal the decision of the Commission back to the Commission before filing for review in the district court.

■ In his second issue on appeal, Stephen asserts he complied with § 143.015 in bringing his appeal to the district court. Section 143.015(a) states, in relevant part:

> The petition [to the district court] must be filed within 10 days after the date the final commission decision:
>
> (1) is sent to the fire fighter or police officer by certified mail; or
>
> (2) is personally received by the fire fighter or police officer or by that person's designee.

Ivan makes the peculiar argument that because Stephen was not formally served with the Commission's decision, the ten day time limit never commenced and Stephen is precluded from filing an appeal with the district court. The record is not clear how or when Stephen first received notice of the Commission's decision to remove his name from the eligibility list.[7] It is clear from the record that Stephen filed his appeal to the district court within ten days from the date the Commission's decision was signed. We hold this is sufficient to meet the ten day limitation of § 143.015(a). *See City of Houston Fire Fighters' & Police Officers' Civil Serv. Comm'n v. Morris*, 949 S.W.2d 474, 477 (Tex.App.-Houston. [14th Dist.] 1997, pet. denied) (court should not read statute to create absurd result).

## Conclusion

We hold it was unnecessary for Stephen to intervene in the appeal brought by Ivan or to file an appeal with the Commission in order to file suit in the district court contesting the Commission's decision to remove his name from the eligibility list under Tex. Local Gov. Code Ann. §§ 143.028 and 143.031. Further, filing suit within ten days of the date the Commission's order was signed is sufficient to meet the requirement of § 143.015 and to invoke the jurisdiction of the district court. In light of our holding, it is unnecessary to address Stephen's remaining issues.[8] We reverse the trial court's judgment and remand for further proceedings.

---

6. *Cf., e.g.,* Tex. Local Gov.Code Ann. § 143.034 (review and appeal of examination grading or irregularities); § 143.036(f) (eligible candidate for promotion may appeal failure to promote); § 143.052(c) & § 143.053 (officer may appeal disciplinary suspension); § 143.056 (appeal after charge of misdemeanor or felony).

7. Stephen's counsel stated in the hearing on the motion to dismiss that the decision had been forwarded by certified mail, but did not say when.

8. We also find it unnecessary to address Ivan's reply point that Stephen has no standing to bring an appeal to the district court because he is not eligible for promotion under § 143.028 and § 143.031. This is circular reasoning and goes to the merits of the claim. Further, this point was not briefed and no authority cited.