NUMBER 13-03-00169-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

CITY OF HARLINGEN,                                                                     Appellant,

 

                                                             v.

 

EDDIE ALVAREZ,                                                                              Appellee.

 

   On appeal from the 357th District Court of Cameron County,
Texas.

 

                               O P I N I O N

 

                Before Justices Hinojosa, Yañez,
and Castillo

                                      Opinion
by Justice Hinojosa

 

Appellant, the City of Harlingen (Athe City@), appeals from (1) the trial court=s order denying its plea to the jurisdiction
and (2) judgment denying its motion for summary judgment and granting the
motion for summary judgment of appellee, Eddie Alvarez.  We reverse the trial court=s judgment, render in part, and remand in
part.

 








                                                   A.  Factual
Background

On March 6, 2001, J. L. Garcia was Aindefinitely suspended@ from his position of fire captain/assistant
fire marshal with the City of Harlingen Fire Department for insubordination,
being absent without leave, and violating local rules.  On October 18, 2001, Garcia=s indefinite suspension was affirmed by an
independent hearing examiner appointed to hear his appeal.  As a result of Garcia=s discharge, a vacancy occurred in a
classified position in the Harlingen Fire Department.

 Under
the Civil Service Act (Athe Act@), the City is required to fill promotional
vacancies from eligibility lists created as a result of competitive promotional
examinations.  See Tex. Loc. Gov=t Code Ann. ' 143.036 (Vernon 1999).  If an eligibility list exists on the date a
vacancy occurs, the vacancy must be filled from that list within sixty
days.  Id.  On March 6, 2001, Alvarez was the top-ranked
and only candidate on the eligibility list.

On March 9, 2001, Garcia appealed his
indefinite suspension.  However, it was
not until October 18, 2001, that the hearing examiner issued the decision
affirming the indefinite suspension.  By
that time, the promotional eligibility list in existence on March 6, 2001, had
expired and a new one had been established. 
Alvarez was ranked number four on the new eligibility list, and the fire
chief promoted the first-ranked candidate from the new eligibility list on
December 5, 2001.








Alvarez sued the City, alleging that he was
entitled to the promotion because he was the highest-ranked candidate on the
eligibility list when the vacancy occurred on March 6, 2001.  The City asserted the vacancy occurred on
October 18, 2001, when the hearing examiner=s decision was issued.  The City filed a plea to the jurisdiction,
asserting that Alvarez had failed to exhaust the administrative remedies set
forth in the Act, but the plea was denied by the trial court.  Then, based upon a AJoint Stipulation of Facts,@ the parties filed cross-motions for summary
judgment.  The trial court denied the
City=s motion and granted Alvarez=s motion for summary judgment.  In its final judgment, the trial court (1)
declared that a vacancy in the position of fire captain occurred on March 6,
2001, as a result of Garcia=s discharge; (2) ordered the City to promote
Alvarez retroactively; and (3) awarded him back pay and attorney=s fees.

                                                 B.  Plea
to the Jurisdiction

In subpart one of its second issue, the City
contends the trial court erred in denying its plea to the jurisdiction.  Specifically, the City asserts the trial
court did not have jurisdiction over this case because Alvarez failed to
exhaust his administrative remedies before filing suit.

                                                          1.  Standard of Review

A plea to the jurisdiction is a dilatory
plea; its purpose is Ato defeat a cause of action without regard
to whether the claims asserted have merit.@  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  The plea challenges the trial court=s authority to determine the subject matter
of a pleaded cause of action.  City of
Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex. App.BEl Paso 2000, pet. dism=d w.o.j.); State v. Benavides, 772
S.W.2d 271, 273 (Tex. App.BCorpus Christi 1989, writ denied).








Because subject matter jurisdiction is a
question of law, we review a trial court=s ruling on a plea to the jurisdiction under
a de novo standard of review.  State
v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2003).  In determining whether jurisdiction exists,
rather than looking at the claim=s merits, we look to the allegations in the
pleadings, accept them as true, and construe them in favor of the pleader.  See County of Cameron v. Brown, 80
S.W.3d 549, 555 (Tex. 2002); Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  We consider the facts alleged in the
petition, and to the extent it is relevant to the jurisdictional issue, any
evidence submitted by the parties to the trial court. Tex. Natural Res.
Conservation Comm=n v. White, 46 S.W.3d 864, 868 (Tex. 2001); Blue, 34 S.W.3d at 555.

It is the plaintiff=s burden to allege facts affirmatively
demonstrating the trial court=s jurisdiction.  Tex. Ass=n of Bus., 852 S.W.2d at 446; Mission Consol. Indep. Sch. Dist. v. Flores,
39 S.W.3d 674, 676  (Tex. App.BCorpus Christi 2001, no pet.).  When a plaintiff fails to plead facts that
establish jurisdiction, but the petition does not affirmatively demonstrate
incurable defects in jurisdiction, the issue is one of pleading sufficiency,
and the plaintiff should be afforded the opportunity to amend.  Brown, 80 S.W.3d at 555. On the other
hand, if the pleadings affirmatively negate the existence of jurisdiction, then
a plea to the jurisdiction may be granted without allowing the plaintiff an
opportunity to amend.  Id.

                                                                    2.  Analysis

In his petition, Alvarez alleged the City
violated his rights under section 143.036 of the Act by failing and refusing to
promote him to the classified position of fire captain within sixty days after
a vacancy was created in that classification as a result of Garcia=s discharge. 
See Tex. Loc. Gov=t Code Ann. ' 143.036(h) (Vernon 1999).








When an agency has exclusive jurisdiction, a
party must exhaust all administrative remedies before seeking judicial review
of the agency=s claim. 
Thomas v. Long, 97 S.W.3d 300, 303 (Tex. App.BHouston [14th Dist.] 2003, pet. filed)
(citing Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d
212, 221 (Tex. 2002)).  Until the
exhaustion of administrative remedies, the trial court lacks subject matter
jurisdiction and must dismiss all claims within the agency=s exclusive jurisdiction.  Subaru of Am., 84 S.W.3d at 221.

However, an agency has exclusive jurisdiction
only when a pervasive regulatory scheme indicates that the legislature intended
for the regulatory process to be the exclusive means of remedying the problem
to which the regulation is addressed.  See
id.  Whether an agency has exclusive
jurisdiction depends upon statutory interpretation.  Id.

An administrative agency such as the Civil
Service Commission has only such powers as are expressly granted to it by
statute, together with those necessarily implied from the authority conferred
or duties imposed.  Stauffer v. City
of San Antonio, 344 S.W.2d 158, 160 (Tex. 1961).  Where the statute does not provide for appeal
to the commission, there is no administrative remedy to exhaust prior to appeal
to the district court.  Perez v. City
of Laredo, 21 S.W.3d 371, 374 (Tex. App.BSan Antonio 2000, no pet.).








The Act outlines specific procedures for
making promotional appointments.  A fire
fighter eligible for promotion demonstrates entitlement to promotion by taking
a promotional examination.  Klinger v.
City of San Angelo, 901 S.W.2d 669, 674 (Tex. App.BAustin 1995, writ denied); see Tex. Loc. Gov=t Code Ann. ' 143.032 (Vernon 1999).  An eligibility list is created by ranking the
examinees based upon their results on the examination.  Tex.
Loc. Gov=t Code Ann. ' 143.033
(Vernon 1999).  Each promotional
eligibility list remains in existence for one year after the date on which the
examination is given, unless exhausted.  Tex.
Loc. Gov=t Code Ann. ' 143.036(h)
(Vernon 1999).  If an eligibility list
exists on the date a vacancy occurs, the position must be filled within sixty
days after the date the vacancy occurs.  Tex. Loc. Gov=t Code Ann. ' 143.036(e) (Vernon 1999).  The promotional eligibility list used to fill
the vacancy is the one that exists on the date the vacancy occurs, even if that
list expires before the position is actually filled.  Bostick v. Owens, 423 S.W.2d 471, 472
(Tex. Civ. App.BFort Worth 1968, writ ref=d n.r.e.). 
The eligible promotional candidate with the highest grade on the
eligibility list shall be appointed unless the department head has a valid
reason for not appointing that person.  Tex. Loc. Gov=t Code Ann. ' 143.036(f) (Vernon 1999).  If a valid reason exists for not appointing
the candidate with the highest grade, the department head must personally
discuss the reason with the person being bypassed before appointing another
person and file the reason in writing with the commission.  Id. 
AOn application of the bypassed eligible
promotional candidate, the reason the department head did not appoint that
person is subject to review by the commission.@  Id.

The City argues that section 143.036(f)
grants the commission power to review Alvarez=s claim. 
While we agree that section 143.036(f) expressly authorizes a civil
service commission to hear appeals from promotional pass-overs, see Stauffer,
344 S.W.2d at 160 and Cantu v. Perales, 97 S.W.3d 861, 863 (Tex. App.BCorpus Christi 2003, no pet.), the issue in
this case does not involve a promotional pass-over.








Because the City determined October 18,
2001, as the date the vacancy occurred, the City utilized the eligibility list
in existence on that date.  Unlike the
eligibility list in existence on March 6, 2001, Alvarez was no longer the
top-ranking candidate, but now the fourth-ranked candidate on the promotional
eligibility list.  Thus, he was not
bypassed; rather, the first-ranked candidate on the eligibility list was
promoted.  Since Alvarez was not
bypassed, there was no required discussion regarding the reason for being
bypassed before appointing the first-ranked candidate, and such reason was not
filed in writing with the commission as would otherwise have been required by
section 143.036(f).  See Tex. Loc. Gov=t Code Ann. ' 143.036(f) (Vernon 1999).  Alvarez was not a Abypassed eligible promotional candidate,@ and no Areason the department head did not appoint
that person@ was provided to the commission.  Therefore, Alvarez was not required to appeal
to the commission under section 143.036(f) because, under the facts of this
case, there was nothing for him to appeal.

The issue presented to the trial court was
whether the vacancy occurred (1) on March 6, 2001, when Garcia was indefinitely
suspended, or (2) on October 18, 2001, when Garcia=s suspension was affirmed by the independent
hearing examiner.  Neither section 143.036(f)
nor any other provision of chapter 143 of the local government code authorize
the commission to determine this issue. 
Because the Act does not provide for appeal to the commission, we
conclude there is no administrative remedy to exhaust prior to an appeal to the
district court.  See Perez, 21
S.W.3d at 374.  We therefore have
jurisdiction to consider this appeal. 
Subpart one of the City=s second issue is overruled.

                                                      C.  Summary
Judgment

                                                          1.  Standard of Review








We review the granting of a traditional
motion for summary judgment de novo.  See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex.
Commerce Bank Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.BCorpus Christi 2000, pet. denied).  To prevail, the moving party has the burden
of showing that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991).  In deciding whether there is a genuine issue
of material fact, evidence favorable to the nonmovant will be taken as true,
and all reasonable inferences made, and all doubts resolved, in its favor. Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  Summary judgment is proper if the movant
disproves at least one element of each of the plaintiff=s claims or affirmatively establishes each
element of an affirmative defense to each claim.  Id. 
A defendant moving for summary judgment on an affirmative defense has
the burden to conclusively establish that defense.  Velsicol Chem. Corp. v. Winograd, 956
S.W.2d 529, 530 (Tex. 1997).  When, as
here, both sides move for summary judgment and the trial court grants one
motion and denies the other, the reviewing court should review the summary
judgment evidence presented by both sides and determine all questions
presented.  Comm=rs Court of Titus County v. Agan, 940 S.W.2d 77, 81 (Tex. 1997); Jones v.
Strauss, 745 S.W.2d 898, 900 (Tex. 1988).

                                                          2.  Sovereign Immunity

In subpart two of its second issue, the City
contends the trial court erred in denying its motion for summary judgment
because Alvarez=s suit is barred by sovereign immunity from
liability.








Sovereign immunity, unless waived, protects
the State of Texas from lawsuits for damages absent legislative consent.  Gen. Servs. Comm=n. v. Little‑Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001).  Sovereign immunity encompasses two
principles:  immunity from suit and
immunity from liability.  Fed. Sign v.
Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997).  Immunity from liability protects the State
from judgments, even where there is an express consent on the part of the
legislature to permit a suit.  Id.  Immunity from liability is an affirmative
defense that is waived if not pleaded.  Tex.
Dep=t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999) (citing Davis
v. City of San Antonio, 752 S.W.2d 518, 519‑20 (Tex. 1988)).  Immunity from suit, on the other hand, bars a
suit against the State unless the State expressly gives consent to the
suit.  Fed. Sign, 951 S.W.2d at
405.  Immunity from suit then deprives a
trial court of subject matter jurisdiction over the governmental agency, even
if liability is undisputed.  Travis
Co. v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 248 (Tex. 2002) (citing Jones,
8 S.W.3d at 638).

The City does not contest that immunity from
suit is expressly waived by statute.  See
Tex. Loc. Gov=t Code Ann. ' 51.075 (Vernon 1999) (AThe municipality may plead and be impleaded
in any court@); see also Webb v. City of Dallas, Texas,
314 F.3d 787, 795-96 (5th Cir. 2002) (citing Mo. Pac. Ry. Co. v. Brownsville
Navigation Dist., 453 S.W.3d 812, 813 (Tex. 1970)) (holding section 51.075
of the local government code constitutes express waiver of municipality=s immunity from suit).  The City does argue that it is immune from
liability.  Nevertheless, because the
City failed to plead immunity from liability as an affirmative defense, the
defense is waived.[1]  See Jones, 8 S.W.3d at 638.

We conclude the trial court did not err in
denying the City=s motion for summary judgment on the basis
of sovereign immunity.  Subpart two of
the City=s second issue is overruled.








                                                                    3.  Vacancy

In its first issue, the City contends the
trial court erred in finding that a vacancy in the position of fire captain
occurred on March 6, 2001, when Garcia was indefinitely suspended.  The City asserts that a vacancy did not occur
until the independent hearing officer determined whether permanent dismissal
was appropriate.  Because the term Avacancy@ is not defined by chapter 143, the issue
before us is one of statutory construction.

We review matters of statutory construction
de novo.  City of San Antonio v. City
of Boerne, 111 S.W.3d 22, 25 (Tex. 2003); City of Garland v. Dallas
Morning News, 22 S.W.3d 351, 357 (Tex. 2000).  In construing a statute, our primary
objective is to determine and give effect to the Legislature=s intent. 
Tex. Dep=t of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004); City
of San Antonio, 111 S.W.3d at 25; Gonzalez, 82 S.W.3d at 327; see
Tex. Gov=t Code Ann. ' 312.005 (Vernon 1998).  In discerning that intent, we look first to
the plain and common meaning of the statute=s words. 
Gonzalez, 82 S.W.2d at 327. 
We determine legislative intent from the entire act and not just
isolated portions of the act.  City of
Sunset Valley, 146 S.W.3d at 642; City of San Antonio, 111 S.W.3d at
25.  If the statutory language is
unambiguous, we must interpret it according to its terms, giving meaning to the
language consistent with other provisions in the statute.  City of Sunset Valley, 146 S.W.3d at
642.  We also consider the objective the
statute seeks to obtain and the consequences of a particular construction.  Id.; see Tex. Gov=t Code Ann. ' 311.023(3), (5) (Vernon 1998).  With these principles in mind, we turn to the
statutory language to be construed.








Section 143.036 reads, in relevant part:

(a)       When a vacancy occurs in a nonentry
position . . . the vacancy shall be filled as prescribed by this section . . .
as applicable.

 

                                                          *
* * * * * *

 

(e)       If an eligibility list exists on the date
a vacancy occurs, the department head shall fill the vacancy by permanent
appointment from the eligibility list furnished by the commission within 60
days after the date the vacancy occurs. . . .

 

Tex. Loc. Gov=t Code Ann. ' 143.036(a), (e) (Vernon 1999).

A vacancy occurs as soon as the employee is
permanently disqualified from further service. 
Gibson v. Barbe, 907 S.W.2d 646, 648 (Tex. App.BSan Antonio 1995, no pet.).  Thus, we must determine when Garcia was
permanently disqualified from further service.

Alvarez argues that Garcia was permanently
disqualified on March 6, 2001, when he was indefinitely suspended by the fire
chief.  Alvarez contends that section
143.052(b), which provides that A[a]n indefinite suspension is equivalent to
dismissal from the department,@ supports his position.  Tex.
Loc. Gov=t Code Ann. ' 143.052(b) (Vernon 1999).  However, we
must look at the Act as a whole to determine whether such a Adismissal@ is the equivalent of permanent
disqualification.








Section 143.052(b) of the Act authorizes the
department head to only suspend a fire fighter under the department head=s supervision for the violation of a civil
service rule.  Tex. Loc. Gov=t Code Ann. ' 143.052(b) (Vernon  1999).  The Act provides that a suspended fire
fighter may appeal the suspension to the commission.  Tex.
Loc. Gov=t Code Ann. ' 143.052(d) (Vernon 1999).  In rendering a
decision on the appeal of a disciplinary suspension, the commission must state
whether the suspended fire fighter is (1) permanently dismissed from the fire
department, (2) temporarily suspended from the department, or (3) restored to
the person=s former position or status in the
department=s classified service.  Tex.
Loc. Gov=t Code Ann. ' 143.053(e) (Vernon 1999).  Only after a
finding by the commission of the truth of specific charges against the fire
fighter may the commission suspend or dismiss a fire fighter for violation of
civil service rules.  Tex. Loc. Gov=t Code Ann. ' 143.053(g) (Vernon 1999).

Under the clear language of the Act, the
department head may only suspend a fire fighter.[2]  Nothing in the statute gives the department
head the power to permanently dismiss a fire fighter.  This authority is specifically reserved for
the commission, after a finding of the truth of the charges against the fire
fighter.  See Tex. Loc. Gov=t Code Ann. ' 143.053(e), (g)
(Vernon 1999).  Therefore, we hold that
Garcia=s indefinite suspension did not create a
vacancy.   It was only after the
commission made a finding on October 18, 2001, of the truth of the charges
against Garcia and decided to permanently dismiss Garcia that a vacancy
occurred.  The City=s first issue is sustained.

                                                         D.  Attorney=s Fees

In its third issue, the City contends the
trial court erred in awarding Alvarez attorney=s fees under the Declaratory Judgment
Act.  See Tex. Civ.
Prac. & Rem. Code Ann. ' 37.009 (Vernon 1997).  Specifically, the
City argues that it is an abuse of discretion to award attorney=s fees under the Declaratory Judgment Act
when it is relied on solely as a vehicle to recover attorney=s fees.








Section 37.004 of the Declaratory Judgment
Act provides that A[a] person . . . whose rights, status, or
other legal relations are affected by a statute . . . may have determined any
question of construction or validity arising under the . . . statute . . . and
obtain a declaration of rights, status, or other legal relations thereunder.@  See Tex. Civ. Prac. & Rem. Code Ann. ' 37.004 (Vernon 1997). 
In his original petition, Alvarez (1) asked the trial court to declare
that the City=s failure to promote him within sixty days
after a vacancy occurred on March 6, 2001, violated his rights under section
143.036 of the local government code, and (2) requested attorney=s fees under section 34.009 of the civil
practice and remedies code.  We conclude
that his claim for declaratory relief required the construction of a statute
and a declaration of his rights under the statute.  Id. 
Therefore, his claim for declaratory relief was not merely
incidental to an unrelated action.








The declaratory judgment act permits a trial
court to award reasonable and necessary attorney=s fees as are equitable and just.  Tex.
Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 1997).  The grant or denial
of attorney=s fees in a declaratory judgment action is
within the discretion of the trial court, and its decision will not be reversed
on appeal absent a clear showing that it abused its discretion.  Oake v. Collin County, 692 S.W.2d 454,
455 (Tex. 1985).  It may be appropriate
to award attorney=s fees to the prevailing party if such an
award is equitable and just and the fees are reasonable and necessary.  See Sava Gumarska In Kemijjska Industria
v. Advanced Polymer Sciences, Inc., 128 S.W.3d 304, 323  (Tex. App.BDallas 2004, no pet.).  However, in a declaratory judgment action,
the prevailing party is not entitled to attorney=s fees as a matter of law.  Id. at 324.  In the exercise of its discretion, the trial
court may decline to award attorney=s fees to either party, or the trial court
may award attorney=s fees to the nonprevailing party.  Id.

Reversal of the trial court=s decision on a declaratory judgment does
not necessarily mean the award of attorney=s fees to the party who prevailed in the
trial court was an abuse of discretion.  Id.  Awarding attorney=s fees to the nonprevailing party is not in
itself an abuse of discretion.  Id.  However, after a declaratory judgment is
reversed on appeal, an award of attorney=s fees may no longer be equitable and
just.  Id.  Therefore, when we reverse a declaratory
judgment, and the trial court awarded attorney=s fees to the party who prevailed at trial,
we may remand the attorney=s fee award for reconsideration in light of
our disposition on appeal.  See id.  Because an award of attorney=s fees under the declaratory judgment
statutes falls within the trial court=s discretion, we remand so the trial court
may reconsider its decision to award attorney=s fees in light of our disposition of this
case.

                                                              E.  Conclusion

We reverse the trial court=s judgment declaring that a vacancy in the
position of fire captain occurred on March 6, 2001, and render judgment
declaring that a vacancy in the position of fire captain occurred on October
18, 2001.  We remand the issue of whether
to award attorney=s fees under the declaratory judgment act to
the trial court.

 

 

FEDERICO G. HINOJOSA

Justice

 

Opinion
delivered and filed this

the
29th day of September, 2005.











[1] The City asserts that
Alvarez failed to argue that the City waived the defense of immunity from
liability in his response to the City=s motion for summary judgment, and thus, he waived
his Awaiver@  argument. 
However, on page 11 of APlaintiff=s Motion for Summary
Judgment and Response to Defendant=s Motion for Summary Judgment,@ Alvarez specifically
stated, A. . . the City has not pled
the affirmative defense of immunity from liability. . . .  It has therefore waived that defense.@ 





[2] Because the statute does
not define Asuspend@ or Asuspension,@ we must construe the term
according to its ordinary meaning. See Tex. Gov=t Code Ann. ' 312.005 (Vernon
1998).  ASuspension@ is ordinarily defined as Atemporary withdrawal or
cessation from employment as distinguished from permanent severance
accomplished by removal.@  Black=s
Law Dictionary 1447 (6th ed. 1990).